## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BANK MIDWEST, A DIVISION OF NBH BANK, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. ) ) |
| R. F. FISHER ELECTRIC COMPANY, LLC; R. F. FISHER HOLDINGS, INC.; AND G & G LEASING, LLC, | ) ) ) ) ) |
| Defendants. | ) ) |

### EMERGENCY MOTION FOR APPOINTMENT OF RECEIVER

COMES NOW Bank Midwest, a division of NBH Bank (the "Bank" or the "Plaintiff"), and in support of its Motion for Appointment of Receiver, states and alleges as follows:

1. Of even date herewith, the Bank filed its complaint against the above captioned defendants R. F. Fisher Electric Company, LLC, a Kansas limited liability company ("RFFEC"), R. F. Fisher Holdings, Inc., A Kansas Corporation ("Holdings"), G & G Leasing LLC ("G&G"; collectively, RFFEC, Holdings, and G&G are the "Defendants") in which, among other requests for relief, it seeks the appointment of receiver.

2. The Bank hereby moves for an order pursuant to Fed. R. Civ. P. 66 and 28 U.S.C. § 959(b) appoint a limited receiver to take possession and control over the Bank's collateral, which includes the Defendants' personal property, and real estate, as more specifically described in the Complaint (the "Collateral").

3. This motion is supported by the Bank's Brief in Support of Motion for Appointment of Receiver filed in conjunction herewith (the "Brief"), the Affidavit of Michael D. Balsbaugh ("Balsbaugh Affidavit"), and the documents attached to the Complaint.

1

4. To the extent Defendants contest the statements contained in the Bank's Motion and Brief in Support, the Bank requests the right to present oral testimony at any hearing set on this Motion.

5. As noted in the Complaint,[1] Defendants are in default of their substantial obligations under the Loan Documents, and the Bank, has accelerated those debts and made demand for payment. Moreover, Defendants are have defaulted under the Standstill Agreement and have declared their intention to cease operating as going concerns.

6. Absent the expedited appointment of a receiver, the Collateral will immediately deteriorate in value as a result of Defendants' actions and will cause imminent and irreparable harm and financial loss.

7. The facts set forth in the Complaint are attested to in the Balsbaugh Affidavit, a true and correct copy of which is set forth as **Exhibit 1** hereto.

8. Specific information regarding the Bank's proposed receiver, Cordes & Company ("Cordes"), is set forth in the September 12, 2019, letter from Cordes to undersigned counsel and is attached hereto as **Exhibit 2**.

9. A form of order appointing a receiver is attached hereto as **Exhibit 3**.

10. The Bank requests entry of the receivership order on an emergency basis due to the fact that Defendants have threatened to cease all operations, terminate all contracts, and send all employees home. Any delay in the appointment of a receiver puts as risk the Bank's ability to recover on assets that serve as its collateral including recovery of accounts receivable and other rights of payment.

---

[1] All capitalized terms not specifically defined in this Motion shall have the meaning given them in the Complaint.

CORE/3000603.0079/154737674.1

WHEREFORE, the Bank respectfully requests that this Court grant this Motion on an emergency basis and appoint a receiver as requested in the Complaint, this Motion, and the Bank's Brief, and grant the Bank any other relief deemed necessary.

Respectfully submitted,

STINSON LLP

/s/  Andrew W. Muller
Andrew W. Muller, KS #25915
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
Tel. (816) 842-8600
Fax (816) 691-3495
andrew.muller@stinson.com

ATTORNEY FOR BANK MIDWEST, A DIVISION OF NBH BANK

CORE/3000603.0079/154737674.1