## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BANK MIDWEST, A DIVISION OF NBH BANK, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 19-cv-02560 |
| v. | ) ) |
| R. F. FISHER ELECTRIC COMPANY, LLC; R. F. FISHER HOLDINGS, INC.; AND G & G LEASING, LLC, | ) ) ) ) ) |
| Defendants. | ) |

### JOINT OBJECTION TO AMENDED MOTION TO INTERVENE

COME NOW Plaintiff Bank Midwest, a division of NBH Bank (the "Bank") and the Court appointed Receiver over the Defendants' assets, Michael Staheli of Cordes & Company (the "Receiver"), and submit this Joint Objection to the Amended Motion to Intervene filed by the International Brotherhood of Electrical Workers Local 124 (the "Union"). The Bank and the Receiver object to the Union's Amended Motion to the extent the Union seeks to intervene for the purpose of imposing personal liability on the Receiver for unpaid wages of R.F. Fisher Electric's ("Fisher") former employees. To the extent the Union seeks to intervene for the limited purpose of establishing the priority of rights to payment from Receivership assets, the Bank and the Receiver do not object to that relief being granted. The parties are currently engaged in negotiations to resolve these issues, but the Bank and the Receiver believe filing this Objection in order to preserve the Bank's and the Receiver's objections constituted the most prudent course of action. In support of its objection, the Bank and the Receiver state as follows:

1

2

**FACTUAL BACKGROUND**

1. The Bank filed the above-captioned case on September 16, 2019, seeking to enforce certain loan agreements between the Bank and the Defendants including, among other remedies, the appointment of a Receiver to administer Defendants' assets.

2. That same day, Defendants ceased all operations and terminated all its employees.

3. Defendants took these steps prior to the Court appointing any receiver in this case.

4. The Court appoint the Receiver over Defendants' assets on September 23, 2019 (Doc. No. 11).

5. The Receiver did not assume any responsibility for continuing Defendants' operations nor did the Receiver assume any obligations of Defendants.

6. To the contrary, the Receivership Order expressly provides that the Receiver's sole purpose is to marshal and to liquidate assets for the payments of creditors, and further provides that the Receiver shall not "become personally liable to any person or governmental entity under any law, statute, rule, regulation, or other doctrine of law or equity."

7. The Bank acknowledges that when Fisher terminated its employees and closed its doors, it did not send final wage payments to the terminated employees, thus the Bank further acknowledges that there are former employees who have claims against Fisher for unpaid wages.

8. On March 20, 2020, the Union filed its Amended Motion to Intervene and, for the first time, attached a proposed pleading as required by Fed. R. Civ. P. 24.

9. In its proposed complaint, the Union seeks to pursue two causes of action directly against the Receiver for breach of a labor contract and payment of unpaid wages.

CORE/3000603.0079/158511046.2

## **GROUNDS FOR OBJECTION**

10. The Bank and the Receiver object to the Amended Motion to the extent the Union seeks leave to intervene to bring factually and legally infirm claims against the Receiver.

11. Embroiling the Receiver in fruitless litigation will only increase the costs and expenses of the receivership estate and diminish the amount of funds available for distribution to creditors.

12. The Union's causes of action would be meritless because the Court's Receivership Order specifically precludes the Receiver from being held directly liable for such claims.

13. Secondarily, the Union's own pleading establishes that Fisher terminated its contracts before the Court ever appointed the Receiver, so the Receiver, who was not a party to such contracts, cannot be held directly liable for claims against Fisher.

14. The Union's proper course of action (and on which it is in the process of pursuing) involves seeking judgment against Fisher for the unpaid wages.

15. To the extent the Union has a claim for unpaid wages that it can pursue on behalf of the individual employees, that is a claim that may be paid out of the Receivership proceeds, but only based on the priorities established by this Court.

16. Currently, the Court has established, in the Receivership Order, that the Bank has the first-position, priority lien on all of Fisher's assets.

17. To the extent the Union wants to challenge the Bank's priority, then the nature of the Union's relief is a request for declaratory relief from the Court adjudicating the parties' priorities.

18. The Bank contends that the Union's wage claims do not take priority over the Bank's claim because the unpaid wage claims would be unsecured claims or, if they are secured, would

3

be junior to the Bank's claim. However, the Bank understands that such a resolution by the Court may require further briefing which would require the participation of the Union.

19. For these reasons, the Bank and the Receiver would not oppose the Union's intervention for the sole and limited purpose of determining the priority of claims as between the Bank and the Union.

20. The Bank and the Receiver object to the Amended Motion to the extent it is seeking to pursue claims of direct and personal liability against the Receiver.

WHEREFORE for the above and foregoing reasons, Bank Midwest, a division of NBH Bank, and Michael Staheli of Cordes & Company as Receiver object to the Union's Amended Motion for Leave to Intervene and requests that the Court deny the Amended Motion on such terms and conditions as the Court deems just and appropriate.

Dated this 3rd day of April 2020.

STINSON LLP

/s/ Andrew W. Muller
Andrew W. Muller, KS #25915
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
(816) 691-3198 – Telephone
Andrew.muller@stinson.com

ATTORNEYS FOR BANK MIDWEST, a division of NBH BANK

And

LEVY CRAIG LAW FIRM

/s/ Michael M. Tamburini
Michael M. Tamburini,
4520 Main Street, Suite 1600
Kansas City, MO 64111
(816) 460-1843 – Telephone
mtamburini@levycraig.com

4

5

                                            ATTORNEYS FOR RECEIVER, MICHAEL L. STAHLI

## **CERTIFICATE OF SERVICE**

      This is to certify that the foregoing document was filed this 3rd day of April, 2020, using the Court's CM/ECF system which gave electronic notice thereof to all registered filing users.

                                            /s/ Andrew W. Muller
                                            Attorney for Bank Midwest