## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| BANK MIDWEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| R.F. FISHER ELECTRIC | ) | |
| COMPANY, LLC, et al., | ) | |
| | ) | |
| Defendants, | ) | Case No. 19-2560-EFM-GEB |
| and | ) | |
| | ) | |
| MICHAEL L. STAHELI, | ) | |
| | ) | |
| Receiver, | ) | |
| | ) | |
| CITADEL ELECTRIC GROUP, INC., | ) | |
| | ) | |
| Interested Party, | ) | |
| | ) | |
| INTERNATIONAL BROTHERHOOD OF | ) | |
| ELECTRICAL WORKERS | ) | |
| LOCAL UNION NO. 124, | ) | |
| | ) | |
| Intervenor. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Amended Motion to Intervene by the International Brotherhood of Electrical Workers Local Union No. 124 ("Union") (**ECF No. 25**).  On April 14, 2020, the Court held a telephone hearing to discuss the pending motion.  Participating were the following:

- Andrew W. Muller (counsel for Plaintiff Bank Midwest);

- Michael L. Staheli, as the Court-appointed Receiver, and Michael M. Tamburini and Shane Mecham (counsel for the Receiver);
- Mark Moedritzer (counsel for Interested Party Citadel Electric Group, Inc.);
- Michael E. Amash (counsel for the Intervenor Union).

After review of the parties' briefing and considering the arguments of counsel, the Union's Motion to Intervene was **GRANTED** by oral ruling during the hearing. This written opinion memorializes that ruling.

## I.      Background[1]

Defendant R.F. Fisher Electric Company, LLC is an electrical contracting company which served the Kansas City metro area for approximately 30 years. It and its related companies (Defendants R.F. Fisher Holdings, Inc. and G&G Leasing, Inc.) entered into a number of loans, promissory notes and security agreements with Plaintiff Bank Midwest over the years, and subsequently defaulted on those obligations. When Defendants failed to maintain sufficient cash flow to make payroll or to make their union contribution payments, they threatened to immediately cease all operations. Plaintiff Bank Midwest then filed this lawsuit on September 16, 2019, against R.F. Fisher Electric Company, LLC and the other related defendants seeking more than $11.4 million in unpaid loan obligations plus interest, costs and attorneys' fees. On that same day, R.F. Fisher released all employees, terminated operations, and turned the keys to their facilities over to the Plaintiff Bank. (ECF No. 7.)

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1) and from the briefing surrounding the pending motion (ECF Nos. 25, 27); the Emergency Motion for Sale (ECF No. 22); and the Proposed Intervenor Complaint (ECF No. 25-3, Ex. C.) This background information should not be construed as judicial findings or factual determinations.

Shortly thereafter, Plaintiff sought the emergency appointment of a Receiver. (Motion, ECF No. 3.)  On September 23, 2019, the District Court appointed Michael Staheli as Receiver to manage the protection and liquidation of the real and personal collateral of the Defendants. (Order, ECF No. 11.)  The Receiver has since provided two reports to the Court (ECF Nos. 15, 28) and is seeking an expedited Order of Sale of Receivership Real and Personal Property (Motion, ECF No. 22).

As a representative of approximately 150 electrical workers employed when Defendants ceased operations, the International Brotherhood of Electrical Workers Local Union No. 124 ("Union") now seeks to intervene in this action.  It contends the employees, which are Union members, are due wages for the week ending September 15, 2019 and Monday, September 16, 2019 which remain unpaid.  Its proposed Intervenor Complaint seeks approximately $339,436.75 in back wages and delinquent fringe benefit contributions, accountants and attorney fees under its Collective Bargaining Agreement with Defendants, and attorneys' fees under 29 U.S.C. § 1132(g)(2)(D).[2]

## II.    (Amended) Motion to Intervene (ECF No. 25)

The Union first filed a Motion to Intervene (ECF No. 20) on March 11, 2020; however, it withdrew that motion. (Notice, ECF No. 23.)  It later filed an amended motion, the subject of this order. (ECF No. 25.)  The Union asks to intervene first as a matter of right under Fed. R. Civ. P. 24(a)(2), and in the alternative, permissively under Rule 24(b).  The Union contends it satisfies all four conditions required by Rule 24(a)(2)

---

[2] During the April 14, 2020 conference, counsel for the Union indicated he had been able to recover a portion of the wages sought through efforts outside this lawsuit; therefore, the Court anticipates this number would change in the filed Intervenor Complaint.

for intervention as a matter of right.  First, it argues its motion is timely, as this lawsuit is in its early stages.  The Receiver already reported collection of all accounts receivable will take several months. (ECF No. 25 at 5, citing ECF No. 15-1 at 7.)  Second, it contends the Union members have a claim related to the property at the heart of this action—the assets and debts of R.F. Fisher.  Third, the Union's interests will be impeded if not permitted to join, because if all assets of the company are awarded to Plaintiff, the Union employees would not receive their owed wages.  Finally, the Union's interests are not adequately represented by the Plaintiff Bank, because their interests are at odds—the Bank wants the full demand of its damages which would leave no wage payments to the Union members.

In the event intervention is not granted under Rule 24(a), the Union also seeks permissive intervention under Rule 24(b)(1)(B).  The Union claims it shares a common question of law or fact with the main action.  Its claim to the final wages of its represented employees is held against the same assets as the existing Plaintiff's claim. And, because permitting the Union to intervene would not change the timeline of the case, the Union contends its addition to the case would not unduly delay or prejudice the adjudication of the original claim. (ECF No. 25.)

The Receiver and the Plaintiff Bank jointly oppose intervention by the Union—at least, in part. (Joint Response, ECF No. 27.)  The Bank and the Receiver object to intervention to the extent the Union seeks to impose personal liability on the Receiver for unpaid wages of Defendants' former employees. But, to the extent the Union seeks to intervene for the limited purpose of establishing the priority of rights to payment from

Receivership assets, the Bank and the Receiver do not object. They note the "parties are currently engaged in negotiations to resolve these issues, but the Bank and the Receiver believe filing this Objection in order to preserve the Bank's and the Receiver's objections constituted the most prudent course of action." *(Id.* at 1.)

The Bank and Receiver object to the causes of action in the proposed Intervenor Complaint because they are personally directed at the Receiver.  The Receiver contends he was appointed after R.F. Fisher ceased operations and dismissed its employees, and the Receiver did not assume any responsibility for continuing operations. The Receivership Order (ECF No. 11) specifies the Receiver's sole purpose is to marshal and to liquidate assets for the payments of creditors, and further states "the Receiver shall not "become personally liable to any person or governmental entity under any law, statute, rule, regulation, or other doctrine of law or equity." (ECF No. 11 at ¶9.)

However, both the Bank and Receiver acknowledge the former employees have unpaid wage claims.  But they contend the Union's proper course of action is to seek a judgment against Defendants for the unpaid wages or by asking the Court for declaratory relief in deciding the priority of the parties' claims.  They argue it is not proper for the Union to pursue claims of direct and personal liability against the Receiver, as in Count II of its proposed Intervenor Complaint. (ECF No. 25-3, Ex. 3.)

## A.      Legal Standard

Fed. R. Civ. P. 24 provides two bases for intervention: 1) intervention of right under Rule 24(a), and 2) permissive intervention under Rule 24(b).[3] The movant bears the burden of demonstrating that it has satisfied the conditions necessary for either grounds for intervention.[4]

### 1.  Intervention as a Matter of Right

The Tenth Circuit "generally follows a liberal view in allowing intervention under Fed. R. Civ. P. 24(a)."[5] Intervention as of right is mandatory when a federal statute gives the applicant an unconditional right to intervene, or when the applicant satisfies each of four conditions: "(1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties."[6]

"Representation is adequate when the objective of the applicant for intervention is identical to that of one of the parties."[7]  But representation is not adequate if the movant can show a "possible divergence of interest" and that potential for divergence "need not

---

[3] *Huff v. CoreCivic, Inc.*, No. 17-2320-JAR, 2020 WL 430212, at *2 (D. Kan. Jan. 28, 2020).

[4] *Id*. (citing *United States v. Albert Inv. Co*., 585 F.3d 1386, 1390 (10th Cir. 2009)).

[5] *Elliot Indus. Ltd. P'ship v. BP Am. Prod.*, 407 F.3d 1091, 1103 (10th Cir. 2005).

[6] *Huff*, 2020 WL 430212, at *2 (citing *Elliott Indus.*, 407 F.3d at 1103 (citing *Coalition of Ariz./N.M. Ctys. For Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996)).

[7] *Coal. of Arizona/New Mexico Counties for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 845 (10th Cir. 1996) (citations omitted).

be great."[8]   The burden is on the applicant in intervention to demonstrate this divergence.[9]

## 2. Permissive Intervention

Rule 24(b) allows for permissive intervention if the movant: (1) files a timely motion, (2) has a claim or defense that shares common questions of law or fact with the main action, and (3) intervention will not unduly delay or prejudice the original parties' rights.   A decision whether to grant permissive intervention is within the district court's sound discretion.[10]  When exercising its discretion, "the court must consider whether the intervention will unduly delay or prejudice adjudication of the original parties' rights."[11] Permissive intervention should be denied when the potential intervenor will not "significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."[12]

## B.    Discussion

On review of the parties' briefing, the Court acknowledges both sides make valid points:  the Union is trying to find a way to preserve the employees' interests, and the most direct method for doing so lies in joining this case.  But the Receiver also makes colorable arguments regarding his potential lack of liability as the Receiver.  However,

---

[8] *Id.*

[9] *Id.*

[10] *Huff*, 2020 WL 430212, at *2 (citing *City of Stillwell v. Ozarks Rural Elec. Co-op Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996)).

[11] *Id.* (citing Fed. R. Civ. P. 24(b)(3); *see also Tri-State Generation & Transmission Ass'n, Inc. v. N.M. Pub. Regulation Comm'n*, 787 F.3d 1068, 1069 (10th Cir. 2015) (upholding district court's denial of permissive intervention where intervention would "burden the parties with additional discovery").

[12] *Id.* (citing *Arney v. Finney*, 967 F.2d 418, 421 (10th Cir. 1992) (permissive intervention properly denied when it "would only clutter the action unnecessarily")).

this Court is not tasked with determining whether the Union's claims are artfully and successfully plead.  At this juncture, the Court must apply the factors articulated under Rule 24 to determine whether the Union may intervene.  The Union addresses all elements of Rule 24(a)(2) and 24(b)(2) in its motion, but neither the Bank nor Receiver address Rule 24 at all.  On application of the Rule 24 factors, the Court finds intervention appropriate.

The Tenth Circuit applies a liberal standard to intervention, and the Court has the discretion to permit it.  Although here there is no statutory basis for intervention, the Union's request meets the four elements for intervention as a matter of right under Rule 24(a)(2). First, the motion is timely.  This lawsuit is in its early stages, and the Receiver already reported collection of all accounts receivable will take several months. Although the parties expressed concern regarding the upcoming sale of real and personal property, all counsel acknowledged they would stipulate to holding the proceeds pending the Court's decision on the priority of creditors; therefore, permitting intervention does not interfere with the potential sale.

Intervention also meets the remaining elements of Rule 24(a)(2).  The Union members have a claim related to the property at the heart of this action—the assets and debts of R.F. Fisher.  Both the Plaintiff Bank and the Receiver admit to the Union's interest.  Third, the Union's interests will certainly be obstructed if it is not allowed to intervene—if all assets of the company are awarded to the Bank, the Union employees would not receive their owed wages.  Fourth and finally, the Union's interests are not adequately represented by the Plaintiff Bank, because their interests are at odds.  In the

event the Bank is awarded the balance of the assets recovered in this case, as it requests, this relief would leave nothing to the Union members.

Because the Court finds the Union meets the criteria for intervention as a matter of right under Rule 24(a)(2), it finds no need to address permissive intervention under Rule 24(b).

During the hearing, the Court discussed with the parties the Plaintiff and Receiver's concerns regarding the form (and related substance) of the Union's proposed Intervenor Complaint and whether liability of the Receiver is an appropriate avenue for seeking relief. Although the Court acknowledges those concerns, to the extent the Union may or may not successfully pursue claim(s) against the Receiver, such is an issue for a Rule 12 or Rule 56 motion but not an issue that bars intervention at this time.

That said, the Court will provide time for the Union to confer with the Bank and Receiver to discuss potential modifications to the proposed Intervenor Complaint which could potentially remove the objections. In any event, an Intervenor Complaint must be filed no later than **April 28, 2020**.

## III.    Conclusion

As set forth above, and as discussed in the parties' April 14, 2020 conference,

**IT IS THEREFORE ORDERED** that the (Amended) Motion to Intervene by the International Brotherhood of Electrical Workers Local Union No. 124 (**ECF No. 25**) is **GRANTED.** An Intervenor Complaint must be filed no later than **April 28, 2020**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 17th day of April, 2020.

<div style="margin-left:40%">

s/  Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

</div>